Garvin Bowman appeals from an order determining that he is sexual predator, pursuant to R.C. 2950.09.
In 1986, Bowman entered negotiated pleas of guilty to sixty-seven counts of rape, twenty-four counts of raping a person under age thirteen without force, and one count of gross sexual imposition. The charges involved two minor female victims, one of Bowman's daughters and her friend. Bowman was convicted on his pleas and was sentenced to a term of incarceration of from ten to fifteen years.
In 1997, while Bowman remained incarcerated, the department of rehabilitation and correction, acting pursuant to R.C.2950.09(C)(1), recommended to the court of common pleas that it determine Bowman to be a sexual predator. Following a hearing, the trial court found Bowman to be a sexual predator. From this order, Bowman appeals.
Bowman's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN RULING THAT APPELLANT WAS A SEXUAL PREDATOR AS OHIO REVISED CODE CHAPTER 2950 VIOLATES THE PROHIBITION AGAINST RETROACTIVE LAWS CONTAINED IN THE OHIO CONSTITUTION.
The error assigned and the arguments presented in support of it were recently rejected by The Supreme Court of Ohio inState v. Cook (1998), 83 Ohio St.3d 404. The second assignment of error is overruled.
Bowman's First Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN RULING THAT APPELLANT WAS A SEXUAL PREDATOR WHEN THE DETERMINATION WAS NOT BASED UPON CLEAR AND CONVINCING EVIDENCE.
A "sexual predator" is defined by R.C. 2950.01(E) to be "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and (who is) likely to engage in the future in one or more sexually oriented offenses." In order to determine that an offender is a sexual predator, the court must make the findings required by clear and convincing evidence, per R.C. 2950.09(C)(2).
The offenses of which Bowman was convicted in 1986 are "sexually oriented offenses," as that term is defined by R.C.2950.01(D). Therefore, the only question for the trial court to resolve was whether, on the basis of the record before it, Bowman is "likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
In making the predictive judgment that R.C. 2950.01(E) requires, the court is required by R.C. 2950.09(C)(2) to "consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section." R.C. 2950.09(B)(2) states:
 In making a determination under divisions (B)(1) and (2) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct;
The trial court's duty to determine whether a sexual offender is likely to reoffend is a difficult one. It is not made substantially easier by the General Assembly's promulgation of the statutory factors quoted above; to a layman, the relationship between many of the factors and the likelihood that the offender will reoffend is not self-evident. Nevertheless, the duty to make the determination whether a sexual offender is likely to reoffend is clearly imposed upon the trial judge, not upon an expert commissioned for that purpose. Expert testimony, while undoubtedly helpful, is not required. State v. Watts (May 29, 1998), Montgomery App. No. 16738, unreported.
The offenses to which Bowman pled guilty are numerous — 92 counts of sexual offenses involving minor victims. One of the victims was Bowman's daughter; the other was unrelated to him. We are not prepared to hold that, on these facts, the trial court's finding that Bowman is a sexual predator is against the manifest weight of the evidence, or is unsupported by the evidence.
Bowman's First Assignment of Error is overruled.
Both of Bowman's assignments of error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P. J. and YOUNG, J., concur.
Copies mailed to:
Lynda K. Ashbery, Esq. Arvin S. Miller, Esq. Hon. Barbara Pugliese Gorman